IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISA ARANGO;<br><br>      *Plaintiff,*<br><br>v.<br><br>HAFER TRUCK SERVICE, INC.;<br><br>      *Defendant.* | **JURY TRIAL DEMANDED**<br><br>Civil Action<br><br>No. __1:21-cv-265_____ |

## COMPLAINT

Plaintiff, by and through her undersigned counsel, files this Complaint averring that Defendant violated her rights pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, <u>et seq</u>. ("ADA"):

### Parties and Jurisdiction

1. Plaintiff MeLisa Arango ("Plaintiff") is an adult individual residing in Meadville, Crawford County, Pennsylvania 16335.

2. Upon information and belief, Defendant Hafer Truck Services, Inc. ("Defendant") is a Pennsylvania Corporation with its headquarters and principal place of business located at 17693 State Highway 285, Cochranton, Crawford County, Pennsylvania 16314.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

4. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A", a true and correct copy of the "Notice of Rights" issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the ADA.

6. Jurisdiction is conferred by 28 U.S.C. § 1331 and § 1343.

7. Venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28. U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff was working in the Western District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

**Factual Background**

8. Plaintiff began her employment with Defendant on or about October 01, 2019.

9. At the time of her termination of employment by Defendant, Plaintiff held the position of Dispatcher.

10. Plaintiff is disabled in that she suffers from Rheumatoid Arthritis (RA) and fibromyalgia.

11. In February of 2020, Plaintiff moved residences and advised Carrol (last name unknown) for her employment personnel record.

12. On or about March 11, 2020, the World Health Organization (WHO) declared the Coronavirus Disease 2019 (COVID-19) a global pandemic.

13. On or about March 10, 2020, Plaintiff fell ill at work and was sent home by her supervisor, Amanda Covert.

14. That same day, Plaintiff went to her physician and was provided a note to excuse her from work until March 12, 2020.

15. On or about March 11, 2020, Plaintiff visited her physician again and, due to Plaintiff's medical conditions and concerns associated with COVID-19, Plaintiff's physician recommended that she remain out of work until March 15, 2020.

16. Plaintiff kept Ms. Covert informed and sent paperwork to Defendant regarding her physician's instructions.

17. On or about March 12, 2020, Ms. Covert sent a text message to Plaintiff stating that, "per James Hafer, you need to be re-evaluated before returning to work."

18. On or about March 13, 2020, Plaintiff received another medical note from her physician.

19. On or about March 17, 2020, Plaintiff was notified that due to the high risks of COVID-19, the decision was made to close the office and that Plaintiff was being laid off.

20. On or about May 02, 2020, Plaintiff was informed that there was mail addressed to her former address at the post office for

her, including letters from Defendant dated April 16, 2020 and April 27, 2020.

21. The April 16, 2020 letter stated that she was to return to work on April 27, 2020, and the April 27, 2020 letter stated that she was terminated for failing to respond to the April 16, 2020 letter.

22. No effort was made by Defendant to contact Plaintiff by other means, including by phone or email.

## Causes of Action

### Count I
### Unlawful Discrimination Based on Disability in Violation of the ADA

23. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

24. As a result of Plaintiff's medical conditions, RA and fibromyalgia, Plaintiff is "disabled" as such term is defined by the ADA.

25. At all times material hereto, Plaintiff was a "qualified individual" as such term is defined by the ADA.

26. Defendant is an "employer" as such term is defined by the ADA.

27. Plaintiff suffered an adverse employment action by Defendant by way of termination of employment.

28. Plaintiff's disabilities were a determinative factor in Defendant's decision to take adverse action against Plaintiff.

29. Defendant's alleged reasoning for Plaintiff's separation from employment is pretextual.

30. Defendant's conduct, as described herein, constitutes a violation of the ADA.

31. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, pain and suffering, consequential damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

32. Defendant acted with malice or reckless indifference to Plaintiff's rights protected by the ADA, therefore Plaintiff demands punitive damages.

33. Pursuant to the ADA, Plaintiff demands attorneys' fees and court costs.

## Count II
### Unlawful Retaliation in Violation of the ADA

34. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

35. As a result of Plaintiff's medical conditions, RA and fibromyalgia, Plaintiff is "disabled" as such term is defined by the ADA.

36. At all times material hereto, Plaintiff was a "qualified individual" as such term is defined by the ADA.

37. Defendant is an "employer" as such term is defined by the ADA.

38. Plaintiff engaged in activity protected by the ADA when she requested and/or utilized an accommodation, i.e. leave, for her disabilities.

39. Plaintiff suffered an adverse employment action by Defendant by way of termination of employment.

40. Defendant took such adverse employment action against Plaintiff because she engaged in protected activity.

41. Defendant's alleged reasoning for Plaintiff's separation from employment is pretextual.

42. Defendant's conduct, as described herein, constitutes a violation of the ADA.

43. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, pain and suffering, consequential

damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

44. Defendant acted with malice or reckless indifference to Plaintiff's rights protected by the ADA, therefore Plaintiff demands punitive damages.

45. Pursuant to the ADA, Plaintiff demands attorneys' fees and court costs.

## **Relief Requested**

**WHEREFORE**, Plaintiff MeLisa Arango demands judgment in her favor and against Defendant Gateway Health LLC in an amount in excess of $75,000 together with:

A. Compensatory damages for: including, but not limited to, emotional distress, pain and suffering, economic loss, lost wages and benefits, lost future earnings, and lost future earning capacity;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and

E. Any other further relief this Court deems just, proper, and equitable.

        Respectfully Submitted,

        **Law Offices of Eric A. Shore, P.C.**

        */s/ Yvette C. Cave*
_____

By:  Yvette C. Cave, Esq.
     PA Atty. ID 329607
     600 N. Jackson St., Ste. 201
     Media, PA  19063
     T: (610) 355-1999
     F: (215) 944-6124
     YvetteC@EricShore.com
     *Attorneys for Plaintiff,*
     *MeLisa Arango*

Dated: September 22, 2021